OPINION OF THE COURT
Memorandum.
Plaintiff appeals from a judgment entered upon a jury verdict in favor of defendant dismissing the complaint.
Judgment unanimously reversed, without costs, and a new trial ordered.
In this negligence action for personal injuries, there is no issue as to liability. Plaintiff was a passenger in an automobile which was struck in the rear causing injury to plaintiff’s right knee on June 19, 1977. At that time section 671 (subd 4, par [b]) of the Insurance Law defined the term “Serious Injury” in determining the threshold requirement therein as a personal injury in which the reasonable and customary charges for medical services necessarily performed as a result of the injury exceeded *113 $500. During the trial the defendant’s attorney conceded that the hospital and medical bills charged and the reasonable value of these bills for the treatment of plaintiff’s knee exceeded $500 but he contended that those charges were not causally related to the accident. As a result of this “concession” when the plaintiff’s attorney attempted to admit an individual bill into evidence the court sustained defense counsel’s objection thereto.
Under the circumstances in the case at bar, this was reversible error. The court should have permitted the bills to be admitted into evidence so that the jury could have determined which bills were incurred as a result of the accident and which bills should have been disallowed because the medical services performed were not related to the accident. The jury manifested its confusion on the issue when it asked the court to “clarify the medical expenses” and “How much of the money did she receive through no-fault?” The court responded by rereading the statute to the jury. It further advised the jury that the amount of money received by plaintiff “is not to be considered because it’s been paid under no-fault coverage and it’s not a part of the suit.” In our view it is possible that as a result of the instructions from the court the jury believed that it could not consider any of the bills paid for under the no-fault law in determining whether the plaintiff had incurred more than $500 in medical bills.
In any event, it seems clear that the accident did aggravate the pre-existing chondromalacia condition in her right knee (softening of the cartilage), and that at least the emergency room treatment which cost $182.50 was necessary as a result of the accident. The court submitted a series of written questions to the jury. The first one stated: “Threshold question — Were the medical expenses for treatment of the plaintiff after the. June 19, 1977 accident due to injuries she received in the accident?” The jury responded “No”. This conclusion was against the weight of the evidence in light of the bill for $182.50 for the emergency room treatment administered to plaintiff immediately after the accident. It was a question of fact for the jury to determine how much more of the medical services performed were necessary as a result of the accident. *114 Therefore, it was reversible error for the court to preclude the jury from considering the medical services described in each bill to determine whether they were causally related to the accident to see if they totaled more than $500 in light of the other evidence adduced upon the trial (see PJ1 2:88, 1981 Cumulative Supp).
Slifkin, J. P., Geiler and Di Paola, JJ., concur.